IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHIPPENSBURG URBAN DEVELOPERS** | : : : | |
| v. | : : | CIVIL ACTION NO. 19-4775 |
| **UNITED STATES OF AMERICA** | : | |

| | | |
|---|---|---|
| **TRINITY HOUSING, INC.** | : : : | |
| v. | : : | CIVIL ACTION NO. 19-4976 |
| **UNITED STATES OF AMERICA** | : | |

**McHUGH, J.**                                                                                              **June 30, 2022**

**MEMORANDUM**

Defendant United States of America has brought two sets of motions to compel against Plaintiffs Shippensburg Urban Developers and Trinity Housing Inc.  No. 19-4976, ECF 30 (first against Trinity) & ECF 31 (second against Trinity); No. 19-4775, ECF 33 (first against SUD) & ECF 34 (second against SUD).[1]  Plaintiffs did not timely respond to the first set of motions but instead filed a belated motion for an extension, which was granted.  Plaintiffs have now responded, but their response appears to address only the first set of motions, seeking to overrule objections and compel production of documents responsive to the First Set of Discovery Requests (ECF 30-5; ECF 30-6; ECF 33-3; ECF 33-4) and further compel production of documents responsive to the Second Set of Discovery Requests (ECF 30-9; ECF 30-10; ECF 33-7; ECF 33-8).  Plaintiff neither responded nor lodged objections to the Second Set of Discovery

---

[1] Hereinafter, references to ECF 30, 31 are under Civ. No. 19-4976 (against Trinity) and references to ECF 33 & 34 are under Civ. No. 19-4775 (against SUD). Both parties have filed identical, *mutatis mutandis*, papers in the two actions as relates to these motions.

Requests. The Government has further moved to compel a response to its Third Set of Discovery Requests. (ECF 31, 34). Once again, Plaintiffs neither responded nor lodged objections nor participated in the Government's efforts to confer over the production.[2]

The first set of motions go to the heart of this litigation, which concerns whether the Government properly attached liens against property held by the Plaintiff-entities to collect delinquent tax assessments, the last made in 2015, against non-party Troy A. Beam on the theory that the Plaintiffs were alter egos of Beam at the time of the attachments in 2019. The Government served discovery on Plaintiffs regarding the formation, ownership and control of the Plaintiffs; financial and account information about the Plaintiffs; and information about specific sets of transactions between Plaintiffs and parties the Government believes relevant to the case. In response, Plaintiffs have largely stonewalled the Government. The record reflects that they have produced approximately 98 pages of materials each, as responsive to the Government's requests. Their principal objection is that documents that post-date the 2015 tax assessment are "neither relevant to nor likely to lead to the production of relevant evidence as to whether [SUD / Trinity] was the alter ego of Troy A. Beam on August 10, 2015." ECF 30-12 at 3; ECF 30-13 at 3. In their answer to the motions, Plaintiffs merely restate these objections without any further legal argument. No. 19-4976, ECF 34 ¶ 3 (Trinity Response); No. 19-4775, ECF 37 ¶ 3 (SUD Response).[3]

---

[2] The time within which to respond to the second set of motions related to the Third Set of Discovery Requests has not yet run. But pursuant to Local Rule 26.1(g), I may summarily grant simple motions to comply with discovery requests where no response or objection has been filed.

[3] Paragraph 3 of Plaintiffs' Responses simply reads: "Concerning Plaintiffs' lack of requested supplementation, upon reflection, Plaintiffs believe their initial responses are legally and factually sufficient."

At this point in the case, without more substantive briefing by both parties, I do not purport to address the merits. For discovery purposes, however, I note that Supreme Court precedent clearly holds that a tax assessment by the federal government creates "a lien in favor of the United States on all real and personal property belonging to the [party] … ***including after-acquired property***." *U.S. By & Through I.R.S. v. McDermott*, 507 U.S. 447, 448 (1993) (citing *Glass City Bank of Jeanette, Pa., v. United States*, 326 U.S. 265 (1945)) (emphasis added). Therefore, discovery pertinent to whether Plaintiff entities were alter egos of Beam at the time that the liens were attached in 2019 is plainly "relevant to [the Government's] defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Discovery is therefore proper as to those materials and must be produced by the Plaintiffs.

The Government further complains that Plaintiffs improperly lodge boilerplate objections when they believe the Government may already possess the documents, or when they do not themselves directly possess the documents, with the result that the Government is unable to assess whether Plaintiffs are fulfilling their discovery obligations. Fed. R. Civ. P. 34(a)(1) provides that Plaintiffs are obligated to produce all responsive documents that are under their "custody, possession, or control," including those possessed by agents. If Plaintiffs assert that production is unnecessary because the Government already has the documents, they must identify with specificity the documents in their possession or subject to their control that they believe the Government already has.[4]

Finally, as noted above, Plaintiffs have not responded in the time afforded by Rules 33 and 34, Fed. R. Civ. P., to either the Second Set of Discovery Requests or the Third Set of

---

[4] *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 34(b)(1)(C) ("An objection to part of a request must specificity the part and permit inspection of the rest.").

Discovery Requests.  The Government states that even attempts to confer over the Third Set have been met with no answer.  Plaintiffs concede the tardy responses—at least with respect to the Second Set of Discovery Requests—and request the Court enter an order directing a response by July 15, 2022.

      Therefore, for the reasons above and pursuant to my authority under Local Rule 26.1(g) to compel discovery where it has been ignored, I will grant all the Government's pending motions to compel as to both interrogatories and documents in accordance with the instructions set forth above.

      /s/ Gerald Austin McHugh  
      United States District Judge